```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Michael L. Wyatt,                 :

       Plaintiff,              :

   v.                             :           Case No. 2:13-cv-117

The Municipality of               :           JUDGE ALGENON L. MARBLEY
Zanesville Ohio, et al.,                      Magistrate Judge Kemp

       Defendants.             :

### REPORT AND RECOMMENDATION

By order dated June 14, 2013, the Court directed plaintiff Michael L. Wyatt to show good cause why this action should not be dismissed and why an extension of time to effect service should be allowed.  Mr. Wyatt filed a response on June 18, 2013 requesting a 90-day extension of time to complete service.  Mr. Wyatt also requested that the Court "accept the contact letter already sent to Defendant" as service of process.  On June 25, 2013, this Court issued an order finding that the contact letter was not service of process and that Mr. Wyatt demonstrated good cause for an extension.  Finding that Mr. Wyatt failed to demonstrate a need for the length of time requested, the Court granted Mr. Wyatt 45 days from the date of the order to complete service on defendants in a manner permitted by Fed. R. Civ. P. 4(a)-(c) and Local Civil Rules 4.1 and 4.2.

    On July 16, 2013, Mr. Wyatt filed certified mail return receipts for many of the named individual defendants in an apparent effort to demonstrate that he attempted service.  To the extent that Mr. Wyatt attempted to serve defendants, he has apparently done so by certified mail without complying with the local rules.  In their motion to dismiss, defendants argue that this matter should be dismissed for, <u>inter alia</u>, failure of process and service of process.  This Court agrees.

Fed. R. Civ. P. 4 explains how a complaint and summons are to be served on a defendant, when that must happen, and who is allowed to make service. After reviewing the service documents filed by Mr. Wyatt, the Court concludes that he has not followed the rule and that no proper service has been made. Service of a summons and complaint must be made by a "person who is at least 18 years old and not a party ...." Fed. R. Civ. P. 4(c)(2). Mr. Wyatt is a party and therefore cannot serve the complaint himself.

Further, federal law does not ordinarily allow for service by certified mail. Service of process in a federal court case may be made by a method allowed by state law, and Ohio law permits certified mail service, but only by the Clerk of Court. In order to give litigants the benefit of this method of service, this Court has adopted a procedure for having the Clerk make certified mail service. That procedure is set out in Local Civil Rule 4.2 and has not been followed here. Further, Fed. R. Civ. P. 4(m) provides that a complaint and summons be served on each named defendant within 120 days of the date the complaint is filed. It is well outside of the 120-day period and Mr. Wyatt has not obtained valid service. Based on the foregoing, the Court will recommend dismissal without prejudice pursuant to Fed. R. Civ. P. 4(m).

For the reasons set forth above, the Court recommends that this matter be dismissed without prejudice.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a _de novo_ determination of those

portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation _de novo_, and also operates as a waiver of the right to appeal,  the decision of the District Court adopting the Report and Recommendation_._ See _Thomas v. Arn_, 474 U.S. 140 (1985); _United States v. Walters_, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge