IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. WYATT : | |
| : | Case No. 2:13-CV-00117 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Kemp |
| THE MUNICIPALITY OF : | |
| ZANESVILLE, OHIO, *et al.*, : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff Michael L. Wyatt's Complaint and Amended Complaint (Doc. 9). Defendants argue for dismissal on the grounds that the Court lacks subject matter jurisdiction, that Plaintiff lacks standing, and that the Complaint and Amended Complaint fail to state claims upon which relief can be granted.

### II. BACKGROUND

Plaintiff filed his Complaint with the Court on February 8, 2013. (Doc. 2). Plaintiff never served Defendants with process, but filed an Amended Complaint on March 29, 2013, (Doc. 3), after which Plaintiff successfully served 12 of 13 Defendants with a summons containing the Amended Complaint. (Doc. 8; *see* Doc. 9 at 2). Both the original and amended complaints contain materially identical claims that Defendants violated various provisions of the Ohio Revised Code and Ohio Constitution, as well as unidentified provisions of the United States Constitution. (Doc. 2 at 5-7; Doc. 3 at 6-9).

On July 19, 2013, Defendants filed the current Motion to Dismiss (Doc. 9), at the same time that they timely filed answers to Plaintiff's complaints (Docs. 10 & 11). Defendants argue that federal diversity jurisdiction is unavailable to Plaintiff because all named parties are Ohio

1

residents, and that federal question jurisdiction is unavailable because the complaints on their face fail to state a cause of action arising under the Constitution, laws, or treaties of the United States. (Doc. 9 at 3). Defendants further argue that even if it is established that Plaintiff has raised a federal question, his complaints fail to provide adequate notice supporting his assertions, as required by Fed. R. Civ. P. 8(a)(1). (*Id.*). Defendants therefore move to dismiss the complaints pursuant to Fed. R. Civ. P. 12(b)(6). (*Id.* at 6). Finally, Defendants move to dismiss Plaintiff's complaints for lack of standing, characterizing the complaints as a taxpayer suit that fails for lack of injury in fact and redressability, under the tests set out in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) and *ACLU v. NSA*, 493 F.3d 644 (6th Cir. 2007). (Doc. 9 at 4-5).

Plaintiff responded in opposition on August 21, 2013 (Doc. 13), and on November 1, 2013, also moved to file a Second Amended Complaint (Doc. 14, 15). Defendants opposed, on the grounds that the Second Amended Complaint was inadequate for the same reasons as the First. (Doc. 16). Plaintiff replied in support of his Motion to File Second Amended Complaint on November 14 (Doc. 17). On January 16, 2014, Plaintiff filed a new motion, urging the Court to rule on this matter. (Doc. 19).

On January 29, 2014 the Magistrate Court issued a Report and Recommendation recommending that this matter be dismissed without prejudice for failure to comply with Fed. R. Civ. P. 4(a)-(c) and S.D. Ohio Civ. R. 4.1 & 4.2, governing service of process. (Doc. 20 at 1-2). Plaintiff objected on February 11, 2014, that he had complied with the spirit of the rules by informing Defendants of the pending action, which resulted in their retention of counsel and timely response to Plaintiff's complaint. (Doc. 22 at 2). On February 28, 2014, Plaintiff moved the Court to respond to his previous filing and renewed his prayer for recognition of sufficient service of process. (Doc. 23 at 2).

### III. STANDARD OF REVIEW

#### A. Service of Process

Fed. R. Civ. P. 4 establishes the requirements for serving a complaint and summons on a defendant. Service of process in a federal court case may be made by a method allowed by state law by a "person who is at least 18 years old and not a party." Fed R. Civ. P. 4(c)(2). Ohio law allows service of process via certified mail by the Clerk of Court, as set out in S.D. Ohio Civ. R. 4.2. Additionally, Fed. R. Civ. P. 4(m) requires that a complaint and summons be served on each named defendant within 120 days of the date the complaint is filed with the Court.

#### B. Subject Matter Jurisdiction

As a threshold matter, the Court must decide whether it has subject matter jurisdiction. *City of Heath, Ohio v. Ashland Oil, Inc.,* 834 F. Supp. 971, 975 (S.D. Ohio 1993) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990)). Rule 12(b)(1) provides that the defendant may file a motion to dismiss based on a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Federal diversity jurisdiction exists in a civil action when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is litigated between citizens of different states. *See* 28 U.S.C. § 1332. Federal question jurisdiction exists in a civil action arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

Plaintiff bears the burden of proving jurisdiction when subject matter jurisdiction is challenged under 12(b)(1). *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir. 1986). In the context of a Rule 12(b)(1) motion, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). A Rule 12(b)(1) motion to

dismiss will be granted only if, taking as true all facts alleged by the plaintiff, the court is without subject matter jurisdiction to hear the claim.  *See id.*

The Court must liberally construe Plaintiff's *pro se* pleadings.  *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *West v. Adecco Employment Agency,* 124 F. App'x. 991, 992 (6th Cir. 2005) (quoting *Haines v. Kerner,* 404 U.S. 519, 520 (1972)).  The Supreme Court, however, has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Id.* (quoting *McNeil v. United States,* 508 U.S. 106, 113 (1993)).  A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Id.* (quoting *Burnett v. Grattan,* 468 U.S. 42, 50 (1984)).

### C.  Pleading Requirements

Under Fed. R. Civ. P. 12(b)(6), Plaintiff's Amended Complaint should be dismissed only if it "fail[s] to state a claim upon which relief can be granted."  Generally, a complaint must merely contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The district court, in turn, "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997).  This "tenet is inapplicable to legal conclusions, or legal conclusions couched as factual allegations." *McCormick v. Miami Univ.*, No. 1:10–CV–345, 2011 WL 1740018, at * 4 (S.D. Ohio May 5, 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  The plaintiff's ground for relief must entail more than "a formulaic recitation of the elements" of a cause of action.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A well-pleaded complaint must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

4

*Twombly*, 550 U.S. at 570.  To "survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'"  *Noble v. Genco I, Inc.*, No. 2:10–CV–648, 2010 WL 5541046, at *2 (S.D. Ohio Dec.30, 2010) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).  Finally, the Complaint must be construed in a light most favorable to the party opposing the motion to dismiss.  *Davis H. Elliot Co. v. Caribbean Utils. Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975).

### D.  Standing

It is well settled that in order for a federal court to have jurisdiction over an action, the plaintiff must establish standing, as standing is a core component of the case-or-controversy requirement of Article III of the United States Constitution.  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992).  Three elements are required:  (1) an injury-in-fact that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision.  *Id.* (internal citations omitted).  Finally, it is the party invoking federal jurisdiction that bears the burden of establishing standing, as the standing requirements "are not mere pleading requirements but rather an indispensable part of the plaintiff's case."  *Id.* at 561; *see also Airline Prof'l Ass'n of Int'l. Broth. of Teamsters, Local Union No. 1224, AFL–CIO v. Airborne, Inc.,* 332 F.3d 983, 987–89 (6th Cir. 2003) (upholding the district court's dismissal where plaintiff was unable to meet burden of establishing an injury-in-fact and therefore lacked Article III standing).  On a motion to dismiss, however, "general factual allegations of injury resulting from the defendant's conduct may suffice," since at this early stage the Court presumes that "general allegations embrace those specific facts that are

5

necessary to support the claim." *Id.* (internal citations omitted); *see also Sutton v. St. Jude Medical S.C., Inc.,* 419 F.3d 568, 575 (6th Cir. 2005).

In this Circuit, an "[i]njury-in-fact means that the plaintiff has sustained or is in immediate danger of sustaining some direct injury. The injury must be both real and immediate, not conjectural or hypothetical." *Airline Pro'l Ass'n,* 332 F.3d at 987 (internal citations omitted). A plaintiff is required to establish that the injury-in-fact is concrete and particularized, meaning that it must affect the plaintiff in a personal and individual way. *American Civil Liberties Union v. Nat'l Sec. Agency,* 493 F.3d 644, 660 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't,* 423 U.S. 83, 108 (1998); *Kardules v. City of Columbus,* 95 F.3d 1335, 1347 (6th Cir. 1996). A generally available grievance about the government is not enough to establish an injury-in-fact to confer individual standing. *Joelson v. United States,* 86 F.3d 1413, 1423 (6th Cir. 1996). Where "the harm at issue is not only widely shared, but is also of an abstract and indefinite nature," a court is unlikely to find that a plaintiff has established an injury-in-fact for standing purposes. *Fed. Election Comm'n v. Akins,* 524 U.S. 11, 23 (1998).

### IV. LAW AND ANALYSIS

Plaintiff's Complaint contemplates three categories of claims based on Defendants' alleged violations of the Ohio Constitution, the Ohio Revised Code, and the United States Constitution. (*See generally* Doc. 3). Although Plaintiff did not identify precise causes of action or what elements might comprise them, liberally construing Plaintiff's complaints establishes at least the outlines of several possible claims.

#### A. Service of Process

As the Magistrate Court noted in its Report and Recommendation, on July 16, 2013 Plaintiff attempted to serve process on Defendants via certified mail. (Doc. 20 at 1). This form of service falls short of both the Fed. R. Civ. P. 4(c)(2) requirement that a non-party serve

process, as well as the requirement of S.D. Ohio Civ. R. 4.2 that the Clerk of Court is the only person authorized to serve process via certified mail.  Plaintiff, while maintaining that he complied with the spirit of the rules, has moved the Court to direct such service of process as complies fully with both rules.  (Doc. 23 at 2).  Even if the Court were to grant Plaintiff's requested relief, thus curing any deficiencies of process and avoiding a procedural dismissal without prejudice, his complaints fail for the substantive reasons discussed below.

### B.  Subject Matter Jurisdiction

Although Plaintiff's Amended Complaint refers only to certain articles of the Ohio Constitution (*see* Doc. 3 at 6), it frames causes of action based on alleged violations of the following provisions of the Ohio Constitution:  (1) general provisions regarding the incorporation and governance of cities and villages, Ohio Const. art. XVIII, § 2; (2) municipal self-government of police, sanitary, and similar regulations, Ohio Const. art. XVIII, § 3; (3) Ohio county and township organization, Ohio Const. art. X; (4) limitations on the ability of cities and villages to tax, assess, borrow money, contract debts, and loan credit, Ohio Const. art. XIII, § 6; oaths of municipal officers in support of the Constitution of Ohio and of the United States, Ohio Const. art. XV, § 7.

Plaintiff's complaints provide few factual predicates to support these causes of action. (*See* Docs. 2 & 3).  Plaintiff's Amended Complaint identifies Defendants' establishment of joint economic development districts with neighboring localities as a violation of at least some of the above constitutional provisions (Doc. 3 at 6).   In his Response in Opposition to Defendants' motion, Plaintiff further identifies additional facts, including alleged municipal collection of income tax outside the jurisdiction, as well as budget allocations for Port Authority administration.

7

Even granting the existence of sufficient factual predicates to support these claims, however, none of Plaintiff's claims arising under the Ohio Constitution touches on a federal question. None of the listed provisions implicates the United States Constitution or a federal statute. The Plaintiff has provided neither a statutorily-created private right of action nor a statute conferring jurisdiction over any of these questions to the federal courts. Plaintiff's complaints under the Ohio Constitution focus generally on what he considers to be abuses of municipal self-rule. To the extent that these complaints are not wholly political in nature, they are questions of Ohio state law. Over the last one hundred years the Ohio courts have developed a significant body of case law interpreting the nature and extent of municipal self-rule in Ohio. *See, e.g.*, *State ex rel. City of Toledo v. Lynch* 102 N.E. 670 (Ohio 1913) (disapproved of by *Vill. of Perrysburg v. Ridgway* 140 N.E. 595 (Ohio 1923) (an early interpretation of Ohio Const. art. XVIII)); *Springfield v. All Am. Food Specialists, Inc.* 620 N.E.2d 120 (Ohio App. 1993) (city does not have police power to compel employer to withhold city income tax of city residents who worked for employer outside territory of city). Ohio courts are the proper setting, if one exists, in which to vindicate Plaintiff's state constitutional claims.

Plaintiff also frames at least one cause of action based on Defendants' alleged violation of Ohio Revised Code §715.77(B)(1), which authorizes a municipality and township to form a joint economic development district. (Doc. 3 at 6). Plaintiff claims that municipal expenditures of funds and exercise of municipal powers in support of the joint economic development district violate the Ohio Revised Code. (Doc. 3 at 7; Doc. 13 at 2). As with the state constitutional claims, Plaintiff has provided little factual support for his claim that Defendants have violated Ohio statutory law. Plaintiff's claims here also sound entirely in Ohio state law. Ohio Revised Code §733.59 provides for the filing of a taxpayer suit similar to a shareholder derivative action,

8

pursuant to compliance with other sections of the code.  *See* Ohio Rev. Code § 733.56, et seq.  The code specifically provides for suits that allege "misapplication of funds of the municipal corporation" and "abuse of its corporate powers."  Ohio Rev. Code § 733.56.  Without regard to their merit, Plaintiff has been provided a potential forum under these provisions.  *See State ex rel. Fisher v. Cleveland*, 845 N.E.2d 500, 503 (Ohio 2006) (explaining the requirements for bringing a taxpayer suit).  They do not, however, raise a federal question.

Finally, Plaintiff asserts in both the original and amended complaints unspecified causes of action based on Defendants' alleged violations of the United States Constitution.  (Doc. 2 at 6-7; Doc. 3 at 7-8).  Plaintiff claims that Defendants' alleged enforcement of municipal laws "outside the Municipality borders" is unconstitutional.  (Doc. 3 at 7).  Plaintiff implies in his original Complaint, although he does not repeat the same language in his Amended Complaint, that Defendants' actions had violated the Fourteenth Amendment's guarantee of "due process of law."  (Doc. 2 at 5).  Analysis of a procedural due process claim involves a two-step inquiry: "the first asks whether there exists a liberty or property interest which has been interfered with by the State," *Kentucky Dep't of Corr. v. Thompson,* 490 U.S. 454, 460 (1989) (citing *Board of Regents of State Colls. v. Roth,* 408 U.S. 564, (1972)); "the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient."  *Id.*

Plaintiff does not identify any liberty or property interest interfered with by Defendants.  Although he alleges improper income tax collection outside the municipal boundaries, unwarranted municipal expenditures, and the exercise of jurisdiction outside of municipal boundaries, the Plaintiff has failed to identify any liberty or property interest personal to him.  (Doc. 3 at 7).  Furthermore, even conceding a liberty or property interest, Plaintiff has not alleged constitutionally insufficient procedures.  Plaintiff's complaints instead dwell entirely

9

upon the use of valid municipal procedures to achieve objectionable ends. Although Plaintiff adopts due process language to clothe his claims, the body of his complaint supports the conclusion that his objection is to Defendants' use of municipal power for purposes allegedly unauthorized by Ohio law. His claims, therefore, do not raise a federal question.

### C. Failure to State a Claim

At the pleading stage, Plaintiff is required only to allege the statutory basis for his claims and set forth the factual predicate of those claims that is sufficient to meet the threshold of plausibility. *Twombly*, 550 U.S. at 570. Plaintiff not only fails to allege a sufficient statutory basis for his claims, but he has also failed to set forth sufficient factual predicates amounting to more than mere "legal conclusions couched as factual allegations." *McCormick*, 2011 WL 1740018 at * 4.

Plaintiff's complaints concern municipal government actions that Plaintiff contends violate state law and various constitutional provisions. Chief among these government actions are: (1) expenditures outside the city's geographical boundaries to establish and administer joint economic development districts and port authorities; and (2) annexation of land to the municipality. Plaintiff has not alleged any facts that suggest a plausible basis for finding that the Defendants are liable for misconduct. Plaintiff's complaint lists various articles of the Ohio Constitution, unspecified provisions of the United States Constitution, and unspecified provisions of the Ohio Revised Code as the legal bases for his complaint. (*See* Doc. 3 at 6 & Doc. 13). Even assuming that Plaintiff has thus given effective notice of the legal bases for his claims, his complaint sets forth a series of legal conclusions styled as statements of fact. (Doc 2 at 6-7; Doc. 3 at 7; Doc 13). Where the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotations

omitted).  From Plaintiff's recitations, the Court cannot infer even the possibility of misconduct.  Plaintiff, therefore, has failed to state a valid claim upon which the Court may grant relief.

### D.  Standing

Plaintiff bears the burden of demonstrating that he has suffered or is about to suffer a concrete and particularized injury that was caused by Defendants' conduct and is likely to be redressed by the Court's favorable decision.  Plaintiff's complaint, however, alleges conduct that could only result in either: (1) injury-in-fact to third parties; or (2) generalized and abstract injuries to Plaintiff and every other city resident.  Neither satisfies the requirements for standing.

Plaintiff takes issue with Defendants' use of resources and exercise of city authority outside the geographical boundaries of the city.  (Doc. 3 at 7).  But Plaintiff cannot demonstrate any injury resulting from municipal action that exceeds its jurisdiction, because he does not reside in the affected areas lying outside the city's territory.  (*See* Doc. 1 at 1).  Only a resident in the affected areas outside the city could demonstrate an injury-in-fact that would confer standing to bring such a claim.

Plaintiff also alleges that Defendants have violated their oaths of office and harmed city residents by misuse of city resources generally.  (*Id.*; *see* Doc. 13).  These claims fail to demonstrate a concrete and particularized injury.  Although Ohio state law may or may not provide a basis for Plaintiff to bring a taxpayer suit against Defendants, to demonstrate a particularized injury, a plaintiff must allege something more than a "generally available grievance about the government."  *Joelson*, 86 F.3d at 1423.  Plaintiff, however, has alleged wholly abstract and generalized injuries suffered equally by every resident.  Plaintiff's complaint therefore fails to allege an injury-in-fact and likewise fails to establish constitutional standing.

## V. CONCLUSION

For the reasons stated above, Plaintiff has failed to establish subject matter jurisdiction, has failed to state a claim upon which relief may be granted, and has failed to demonstrate standing. Defendants' Motion to Dismiss (Doc. 9) is hereby **GRANTED**. Moreover, because his Proposed Second Amended Complaint fails to cure any of the stated deficiencies, and would therefore be futile, Plaintiff's Motion to File Second Amended Complaint (Doc. 14) is **DENIED**. Plaintiff's Motion for Disposition of Original Complaint (Doc. 19) is **DENIED AS MOOT**. The Magistrate Court's Report and Recommendation is likewise **MOOT**. Plaintiff's Motion of Objections to the Report and Recommendation (Doc. 22) and Motion for Service of Process (Doc. 23) are therefore **DENIED AS MOOT**. The matter is hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                                         s/ Algenon L. Marbley
                                                         **ALGENON L. MARBLEY**
                                                         **UNITED STATES DISTRICT JUDGE**

**DATED: March 10, 2014**